```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

UNITED STATES OF AMERICA ex rel.)
CARLOS H. AGUILAR #R-05125,     )
                                )
            Petitioner,          )
                                )
     v.                         )   No.  12 C 9640
                                )
JOHN MORTON, et al.,            )
                                )
            Respondents.         )

## MEMORANDUM ORDER

Carlos Aguilar ("Aguilar") has used the Clerk's-Office-provided form of Petition for Writ of Habeas Corpus ("Petition") to bring this pro se action, in which he has completed the form with several handwritten pages that this Court has found quite incomprehensible. What follows here represents this Court's best effort to make some order out of Aguilar's sprawling filing.

Before this memorandum order turns to that subject, however, a bit should be said about another Clerk's-Office supplied form, the In Forma Pauperis Application ("Application") that Aguilar has also submitted. Although he has not accompanied the Application (as is generally required of prisoners by 28 U.S.C. §1915) with a printout of transactions in his trust fund account at the Illinois River Correctional Center ("Illinois River"), where he is now in custody, that failure is of no consequence--Aguilar is obviously unaware that the only filing fee for a federal habeas petition by a state prisoner is the modest sum of $5. Accordingly he is ordered to pay that amount

to the Clerk of this District Court on or before December 21, 2012.[1]

As for the Petition itself, it reflects that Aguilar was convicted in the year 2000 or 2001 of predatory criminal sexual assault and sentenced to a 15-year term. That was followed by an unsuccessful appeal to Illinois' First District Appellate Court, where he charged "wrongful prosecution and corruption and police misconduct and prosecutorial misconduct," followed by an effort to bring the case to the Illinois Supreme Court, where leave to appeal was assertedly "denied corruptly" despite his having charged "Appellate Court corruption of fixing cases and conspiracy with corrupt County Judges with intent to 'fix' cases."

Now Aguilar is at or near the end of his prison term (Petition Pt. III ¶1(A) says his term expired November 14,

---

[1] Indeed, it will probably be easier for the prison authorities at Illinois River to transmit that payment in compliance with this Court's direction than for Aguilar to make the arrangements necessary for that purpose. Hence a copy of this memorandum order is being sent to those prison authorities so that they may remit the $5 filing fee, identifying this action's case number (12 C 9640) and sending the payment to:

   Clerk, United States District Court
   219 South Dearborn Street - 20th Floor
   Chicago IL 60604

   ATTN:  Fiscal Department

2012)², ), and he complains that he wishes to be deported to Mexico but the Illinois prison authorities and the federal immigration authorities are not honoring his demand. According to Aguilar the officials have "corruptly file[d] false parole violations charges" against him, assertedly "trying to collect more funds from taxpays [sic] by holing [sic] him more time illegally."

Aguilar is consistent if nothing else. Just as he has ascribed his unsuccessful appeals from his original conviction to asserted corruption at every judicial level, so his description of his current situation is replete with charges of bogus and corrupt activity on the part of the officials whom he now targets. In Twombly-Iqbal terms, his charges lack the requisite plausibility, and he is attempting a pejorative collateral attack on administrative proceedings that are not yet exhausted.

Simply put, Aguilar's petition is not the stuff of which federal habeas relief can fairly be fashioned. In the language of Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," so that the same Rule 4 mandates that "the judge must dismiss the petition and direct the clerk to

---

² As the Petition explains, 85% of the specified term had to be served.

notify the petitioner." This Court so orders.

_____
Milton I. Shadur
Senior United States District Judge

Date:  December 10, 2012