*JH*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| CARLOS H. AGUILAR #R-05125, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 12 C 9640 |
| | ) | |
| JOHN MORTON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

This Court's December 10, 2012 Memorandum Order ("Order") dismissed the Petition for Writ of Habeas Corpus ("Petition") that Carlos Aguilar ("Aguilar") had submitted pro se. Now Aguilar has filed a hand-printed "Motion for Reconsideration Habeas Corpus Dismissal," coupled with some supporting exhibits and a hand-printed communication to the Clerk of Court requesting appeal forms and a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) ("Section 2253(c)"). For the reasons stated in this memorandum order, Aguilar's motion is denied, and he is advised that no standard forms of notice of appeal or COA are available through the Clerk's Office.

Among the exhibits that Aguilar now tenders are (1) a printed one-page document captioned "Single or Concurrent Determinate Sentences under 1978 Law and Jail Credit" dated July 10, 2008, which listed (a) an adjusted projected outdate of September 14, 2012 for him and (b) a mandatory outdate of November 14, 2014, and (2) a June 18, 2001 detainer that the Immigration and Naturalization Service served on the warden at Joliet Correctional Center,

where Aguilar was then serving his lengthy prison sentence. But Aguilar has provided nothing to support his vague assertion that his original trial judge and I.C.E. Director John Morton are engaged in some sort of corrupt conspiracy, a charge that appears to be all of a piece with his original filing here that charged the Illinois Appellate Court with "corruption of fixing cases and conspiracy with corrupt County Judges with intent to 'fix' cases" and charged further that the Illinois Supreme Court had denied leave to appeal corruptly. Indeed, as the Order quoted from Aguilar's original filing, his conspiracy theory of the universe also encompassed the claim that the Illinois prison authorities have "corruptly file[d] false parole violations charges" against him.

Fully a quarter century ago our Court of Appeals held in Turner v. Henman, 829 F. 2d 612, 614 (7th Cir. 1987) that a parole commission's violations of its administrative rules and regulations do not give rise to habeas relief unless such failure also violates some constitutional provision. Aguilar's view that the entire universe of officialdom is engaged in a collusive effort to keep him in custody totally ignores the facts that his mandatory outdate will not arrive until mid-November 2014 and that the undisclosed problems to which he makes only generalized references have obviously trumped his earlier projected 2012 outdate.

In summary, Aguilar's motion for reconsideration is denied. Aguilar's attempt to obtain federal habeas relief has simply continued to reflect his basic misunderstanding of the operative standards for such relief.

Milton I. Shadur
Senior United States District Judge

Date: January 8, 2013

- 2 -